Brockway Motor Truck Corporation of Porto Rico, demandante y apelada, *v.* Pedro Monclova, Lorenzo J. Dávila y Dávila & Monclova, demandados y apelantes.

No. 5821.—*Sometido:* Noviembre 9, 1931. *Resuelto:* Noviembre 27, 1931.

886

*Felipe Colón Díaz,* abogado de los apelantes; *Molina, Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de una moción para desestimar una apelación por frívola.

En la demanda se alegaba que la demandante era dueña de los pagarés en que se basaba el litigio, mas no que los mismos no habían sido endosados en favor de la tenedora por las personas a cuyo favor habían sido expedidos los pagarés originalmente. Hasta que se nos demuestre lo contrario consideraremos que la alegación relativa a la tenencia de los pagarés es la alegación de un hecho último, incluyendo, de ser necesario, un endoso. Sería una práctica más segura alegar el hecho del endoso.

Los págarés fueron presentados durante el juicio y su endoso fué probado. No se adujo excepción previa y el defecto contenido por la demanda, que se alegaba era defectuosa, fué subsanado.

Los demandados compraron un autocamión, otorgaron un contrato de venta condicional y suscribieron pagarés por el valor del autocamión. En todo contrato de venta condicional el vendedor tiene por lo menos la opción de demandar en cobro del precio. *In Re Bettman-Johnson Co.,* 250 Fed. 666. En Puerto Rico dicho vendedor no está obligado a vender primeramente la propiedad cuyo título él retiene, sino que puede instituir un procedimiento en cobro del precio. Dudamos en verdad que cuando se endosa un pagaré a un tercero, procede una acción para recobrar la propiedad. Podría surgir un impedimento (estoppel).

No encontramos que se haya cometido ningún error substancial y *la apelación debe ser desestimada por frívola.*